We'll move to the day calendar. The first case is Lobasz v. United States. Good morning, Your Honor. My name is John Cayley. I represent the appellant Frank Lobach. I represented Frank Lobach on his initial direct appeal to this court. I was representing Dr. Lobach at his sentencing in the district court, but after his conviction, and I was not trial counsel. So our point here, Your Honor, is based on the trial counsel's failure to move to sever what I'll call the tax counts from the health care counts and his failure to even discuss that issue with the defendant, facts which are not really in dispute, constituted ineffective assistance of counsel. And per se prejudice, right? And per se prejudice. Is there any case anywhere where any court has ever found that the failure to sever was per se prejudicial? I have not found one, Your Honor. But that doesn't . . . But doesn't it's appropriate. The only case or the closest case I found was the Tippins case. And we cited that in our brief. In that case, the court found per se prejudice or per se ineffectiveness because the defense counsel had slept through some substantial parts of the trial. In that case, however, nobody pointed to any specific failure on the part of the defendant to make The two situations where we have recognized per se prejudice are really pretty extreme. One where counsel is not even admitted and the other where counsel is involved. How does this come close to those situations? Well, it's . . . The case where counsel is not even admitted is interesting, Your Honor, because it may have been a person who rendered perfectly effective and fantastic representation, but yet the court looked at it and said, if he's not admitted, we're not going to look to see how effective he performed. We're just going to say it's per se. What I'm saying here is if you combine what I think was a garden variety motion for severance that should have been made in a district court, the fact that it wasn't made really did prejudice the defendant because it enabled the government to pile on the charges, to make arguments to the jury based on propensity, greed, to use one set of charges to prove the other set of charges. There was absolutely no cautionary instruction given. None was requested either by the government or by defense counsel. You had a situation where I think if you add it all up, I think it does come to pushes into the per se or what could be considered per se. It's not terribly unlike the case in Tippins. Granted there, the defense lawyer slept, but no one said in Tippins that he failed to make advance arguments properly. They just said you can't have a defense lawyer sleeping substantially or a lot during the course of a trial. I understand and appreciate that. My point here is in comparison to Tippins, there was counsel here, trial counsel was asleep on this, what I think was a very significant issue. It set the table for the whole trial because these two different types of charges, had a motion for severance been made, would not have been able to be tried together. They were clearly misjoined. Even Judge Hurley in his opinion said these charges may not have . . . his words were may not have been properly joined. Absent per se prejudice, if we don't take your advice there, I mean can you articulate a basis for finding prejudice under the standard Strickland analysis? Yes, Your Honor. I mean here you had a situation where I think if we start from the premise that this court's decisions in Halper, Shelliff, and Litwack pretty much are identical here in the sense that those two types or different types of charges should not be tried together if there's a motion. The reason why they shouldn't be tried together is because there's an inherent prejudice in piling on charges on a defendant. In this particular case, it allowed the government to make certain arguments that they otherwise wouldn't have been able to make. We cited some of those examples in our main brief where the government argued during summation various points that look at what happened here with the healthcare fraud. It's the same thing that happened with the tax fraud. The district court found that the evidence was overwhelming on all counts. Doesn't that undercut the prejudice argument? Only in this sense, Your Honor, and not in another. It doesn't undercut prejudice in the sense that the reason why the district court perhaps concluded that the evidence was overwhelming was because all of the charges were put together. One might argue under those circumstances it could have been conceived by the district judge to be overwhelming. Had there been a severance, the entire complexion of both trials would have been different. Mr. Loback may not have even had to testify because there was conflict in the evidence regarding the healthcare fraud. There were people who said that his children and his wife did receive treatment. There was testimony that Dr. Shin had in fact provided some services or some medical treatment of the Shadoffs. There was a conflict in the evidence. With respect to the tax charges, there also was conflict. There was testimony about that. Dr. Loback may not have even had to testify at either trial. I think the whole complexion of the case and the presentation of the case very well may have been different. You just said either trial. The alternative would have been two trials. A lot of defendants might prefer to have one trial. If the defendant said to his lawyer, I know you're thinking about making a severance motion, but I want to do this once. I don't want to do this twice. It would be below an objectively reasonable standard of practice to not make a severance motion? You've added different facts. I know. It's hypothetically different. It's different from what happened here. What happened here, it's conceded that trial counsel had no such discussion with the defendant. Of course, if the defendant and trial counsel had discussed the wisdom of proceeding one way or the other, and the defendant had said, I only want to do one trial, well, that's a whole different case, but that didn't happen here. When you combine what to me was a fundamental failure to move for a severance as a law in this circuit dealt with these types of separate and distinct charges, and not to discuss that with the defendant just pushes this forward. I think in that regard, it very well might be per se an effect of this. Explain to me how he would, given all this evidence, how he would have won in separate trials? The trials would have been different, Your Honor. Let's take the health care trial. There was evidence in the health care trial that the billings were legitimate. There was evidence in the health care trial that some of the errors may have been office mistakes. But there was overwhelming evidence that this was a scam. How are you going to keep that out in a separate trial? Plus you have the specter of 404B evidence. With respect to the 404B, these were not similar. I don't think they would have been admissible under 404B in one trial and the other, because that would undermine the whole sense of the rationale behind the decisions in Halper, Shelliff, and Litwack. If that were the case, then those decisions needn't have been made. The court could have just said, yes, severance, he could have severed, but it all would have come in. But they didn't do that. But you nonetheless had a plethora of evidence of your client's guilt that the government had induced. If you look at each case separately, Your Honor, there was evidence that the government argued and could have argued proved the defendant's guilt. There was also evidence that the defendant could have argued and did argue that he would have been innocent. But the whole complexion of the trials would have been different, and the government wouldn't have been able to bootstrap and use one to prove the other and vice versa, as quite frankly they did quite skillfully in their summation and in their rebuttal summation. Same thing for the tax side of the case. It would have been a different trial. They make a point of saying Dr. Loback testified and he could have been cross-examined, but there's nothing to say that Dr. Loback would have been required to testify had there been separate trials. I see my lights on, Your Honor. You've saved some time for rebuttal. We'll hear from the government. Good morning, Your Honors, and may it please the Court. My name is Matthew Higgins and I represent the United States in this 2255 appeal. The district court's judgment should be affirmed in this case because trial counsel's performance was well above the constitutional standard and the appellant has failed to come close to establishing that there was per se prejudice in his performance. The very nature of the other per se cases decided in this circuit compels the conclusion that the district judge's decision was correct. Per se ineffectiveness means essentially assistance that is so unqualified or so hopelessly conflicted or so absent that it is akin to not having a lawyer at trial at all. It's a category that indicates an attorney whose performance is so incurably deficient that the proceeding is in some way structurally impaired and any resulting verdict unjust. It's a narrowly defined category and for good reason. The appellant here seeks to expand it to include what is frequently a strategic decision by counsel. Had counsel made this motion, are you suggesting that there's a chance it would have been denied, the severance motion? I'm not suggesting that, Your Honor. The district judge also suggested that and cited a number of reasons why severance may not have been warranted. There was a nexus to the defendant's medical practice for both the pension fraud counts. I know that, but I'm not sure what to make of your saying you're not arguing it. You're not defending the district court's characterization of the hypothetical severance motion? A poor turn of phrase by me, Your Honor. I apologize. It's not just me arguing that, Your Honor. It's also the district judge's view who tried the case and we know the counterfactual. Had this motion been presented to him, his view, looking back in hindsight, obviously, was that he would likely not have granted that motion and he cites a number of reasons in his opinion as to why that was the case. The precedent on per se in this circuit is clear that the ineffectiveness must be akin to egregiousness. For example, counsel was never licensed to practice, ever, or had never met the substantive requirements to become licensed in the Novak and Salina cases. Essentially, a defendant is represented at trial by someone who's masquerading as an attorney. In the Cancilla case, an example where the counsel was potentially a co-participant in the crimes charged, a hopeless, incurable conflict. In the Tippins case, in which counsel was asleep for critical portions of the trial. Essentially, during those portions of that trial, this court observed, we don't know what, we cannot know what would have happened because the client was fundamentally without counsel. It's insufficient to say that we can't point to a specific thing that might have happened had counsel been awake because we don't know what the client could have done, what questions the client might have asked. The client was The reason that those cases hang together is that they demonstrate a situation in which the government's case is fundamentally not subjected to meaningful adversarial testing, whether by lack of skill or lack of motive or simply lack of consciousness in the Tippins case. There are many cases that present more favorable facts, I would submit, for an appellant as compared to this appellant, in which this court said, that's not per se prejudice. In Jurel Guerrero, the attorney had been suspended from practice in that district court, but he was admitted to practice elsewhere and there was no question he was not substantively qualified. This court held not per se prejudice. In Kieser, a counsel had not been admitted pro hoc vicee to the court in which he was practicing, and this court said, if they're substantively qualified, that's a technical defect. That's not per se prejudice. In Aiello, a counsel was under investigation for unrelated offenses in a different district. This court held not per se prejudice. In one case, a counsel suffered a stroke during trial. The trial was delayed. A substitute counsel came in and delivered a summation, and this court held, we're going to review that for whether it was substantively effective performance, but we're not going to say that was per se prejudice. This set of facts does not approach even those cases that this court rejected. And so, this case must fail similarly on the per se set of analysis. If the court has no questions. Thank you. Thank you, Your Honors. We'll hear the rebuttal. Very so briefly, Your Honor. You know, with respect to these other cases where a lawyer may not have been admitted or a lawyer had a stroke and another lawyer had to come in, there was no question but those lawyers performed capably and effectively. And so, it was not surprising that under those circumstances, there was no finding of per se ineffectiveness. But here, I think the fact that he . . . the failure to make this elemental motion and the fact that he did not discuss with his client the wisdom or lack of wisdom to make that motion, I think, elevates this case. And just in passing the suggestion that there might have been strategic reasons for this to happen or to not to make the motion, none of the reasons set forth strategic . . . so called strategic reasons given in hindsight where it's admitted that no one had even considered it up front, none of those reasons put forth make sense. I mean, one of the reasons defense counsel, trial counsel said in his affirmation was that it may have given the government more time to investigate the case. But here, the government had already been investigating the case for a couple years and it wasn't likely that giving them another six months or whatever was going to change any dynamic. It was just a . . . it was a fundamental failure and it had real repercussions. Thank you, Your Honor. Thank you. Thank you. We'll reserve decision.